UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOEL CHRISTOPHER HOLMES,<br><br>                Petitioner,<br><br>    v.<br><br>CHRISTOPHER LANESE,<br><br>                Respondent. | CASE NO. 3:19-CV-05027-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: February 15, 2019 |

    The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction and sentence. *See* Dkt. 1. Based on the allegations in the Petition, the undersigned concludes Petitioner has failed to properly exhaust all four grounds raised in the Petition. Therefore, the undersigned recommends the Petition be dismissed without prejudice.[1]

---

[1] After review of the record, the Court concludes an evidentiary hearing is not necessary in this case. *See* 28 U.S.C. §2254(e)(2) (1996).

REPORT AND RECOMMENDATION - 1

## DISCUSSION

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits). It is not enough if all the facts necessary to support the federal claim were before the state courts or if a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (citing *Picard*, 404 U.S. at 275; *Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner bears the burden of proving he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

In the Petition, Petitioner maintains he was convicted in state court of "promoting suicide" in violation of RCW 9A.36.060 on August 23, 2018, and seeks relief from the conviction and sentence on four grounds. *See* Dkt. 1. However, in the allegations in the Petition, Petitioner acknowledges he has not appealed from the judgment of the state court conviction and has not sought further review by a higher state court. *See id.* at p. 2. Because the state courts have

1  not yet had a full and fair opportunity to consider the merits of Petitioner's claims, the claims are

2  unexhausted and therefore ineligible for federal habeas review. *See Duncan*, 513 U.S. at 365;

3  Rule 4 of the Rules Governing Section 2254 Cases ("If it plainly appears from the petition and

4  any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

5  must dismiss the petition[.]"). Accordingly, the undersigned finds Petitioner is not entitled to

6  relief for this conviction on these grounds, and recommends the Petition be dismissed without

7  prejudice.

## CERTIFICATE OF APPEALABILITY

9  A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

10  court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

11  from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue

12  . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right."

13  28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason

14  could disagree with the district court's resolution of his constitutional claims or that jurists could

15  conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-*

16  *El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

17  No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or

18  would conclude the issues presented in the Petition should proceed further. Therefore, the Court

19  concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

## CONCLUSION

21  The Court recommends the Petition be dismissed without prejudice. No evidentiary

22  hearing is necessary, and a certificate of appealability should be denied. Pursuant to 28 U.S.C. §

23  636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this

24

REPORT AND RECOMMENDATION - 3

1 | Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result
2 | in a waiver of those objections for purposes of de novo review by the district judge. *See* 28
3 | U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the
4 | clerk is directed to set the matter for consideration on February 15, 2019, as noted in the caption.
5 |     Dated this 30th day of January, 2019.

                                                    /s/ David W. Christel

                                                    David W. Christel
                                                    United States Magistrate Judge